IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**RUDOLFO VILLAREAL,**
Reg #24422-045                                                                                              **PLAINTIFF**

V.                                        CASE NO. 2:18-CV-62-KGB-BD

**GENE BEASLEY, et al.**                                                                                **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.     Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge Kristine G. Baker. Any party may file written objections to this Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation. If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record. Also, by not objecting, parties may waive the right to appeal questions of fact.

**II.    Discussion:**

   A.     Background

Plaintiff Rudolfo Villareal, an inmate at the Forest City Federal Prison Camp ("FCC"), filed this lawsuit without the help of a lawyer under *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). (Docket entry #2) In his complaint and amended complaint, Mr. Villareal states that the Defendants failed to

provide constitutionally adequate medical treatment for a gunshot wound to his left leg. (#2, #5)

Defendants Beasley, Hoy, and Wingo[1] ("FCC Defendants") have moved for summary judgment, contending that Mr. Villareal failed to exhaust his administrative remedies against them before filing this lawsuit. In the alternative, they move to dismiss for failure to state a claim upon which relief can be granted. They also contend that they are entitled to immunity for claims made against them in their official capacities. (#41) Mr. Villareal responded. (#49)

Defendants Kim, Obi-Okoye, and Stinson-Woodard ("Medical Defendants") have also moved for summary judgment, contending that Mr. Villareal failed to exhaust administrative remedies against them before filing this lawsuit. (#45) Mr. Villareal responded. (#50)

B.  Exhaustion of Remedies in Individual-Capacity Claims

The Prison Litigation Reform Act requires the Court to dismiss any claim that was not fully exhausted prior to filing a civil lawsuit under 42 U.S.C. § 1983. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (inmate must

---

[1] The Clerk of the Court is directed to update the docket sheet to reflect that Defendant Hoyt is Brenda Hoy, and Defendant Wingo is Michelle Wingo.

exhaust all available administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory").

To fully exhaust administrative remedies in the Bureau of Prisons ("BOP"), a federal prisoner must submit an informal resolution to the appropriate staff member; file an administrative remedy request with the warden, if the attempt at informal resolution is unsatisfactory; appeal the warden's response to the regional director; and appeal the regional director's response to the office of the general counsel. (#43-1, p.2; #47-1, p.2); see also 28 C.F.R. § 542.10 to 542.18. A grievance is not fully exhausted until it has been properly presented at all three levels and has been denied at all three levels. (*Id.*)

All administrative remedy submissions from BOP institutions are recorded in a computer-based information system known as SENTRY. (*Id.*) Any submission from a BOP inmate, whether accepted or rejected, is permanently recorded. (#43-1, p.2-3; #47-1, p.2-3) Submissions into SENTRY are given a remedy ID number generated by the system and assigned the suffix of F1. (#43-1, p.3; #47-1, p.3) Upon appeal to the regional director, the appeal is assigned the same remedy ID number, but with the suffix R1. (*Id.*) An appeal to the general counsel is assigned the same remedy ID number, but with the suffix A1. (*Id.*) If a submission is rejected and later resubmitted after the deficiencies are corrected, the remedy is affixed with the same remedy ID number and the corresponding, F2, R2, or A2. (*Id.*)

Susan Gaither-Miller, a BOP employee with official access to records of inmates' administrative remedy files, submitted a sworn statement that, as of the date Mr. Villareal filed this lawsuit, he had not submitted any administrative remedy requests or appeals

3

with the BOP. (#43-1) On October 4, 2018, several months after he filed this lawsuit, Mr. Villareal did file administrative remedy requests 955788-F1 and 955798-F1. (*Id.*) Administrative remedy request 955788-F1 was closed on October 11, 2018, and Mr. Villareal did not appeal the decision. (*Id.*) Administrative remedy request 955798-F1was rejected, and Mr. Villareal did not appeal that decision either. (*Id.*) According to Ms. Gaither-Miller, Mr. Villareal has not fully exhausted any administrative remedy regarding any issue while incarcerated with the BOP. (*Id.*)

In his response to the motions for summary judgment, Mr. Villareal argues that he exhausted his administrative remedies before filing suit; however, none of the evidence he offers in support of his response shows that he exhausted his administrative remedies prior to filing this lawsuit. His appeal from the warden's decision filed on October 19, 2018, the acknowledgment of an administrative remedy request filed on October 4, 2018, and an inmate request filed on September 21, 2018 were filed well after he filed the complaint in this case on March 16, 2018. (#49, p.12-14) To proceed in federal court, an inmate must have fully exhausted his administrative remedies *before* filing his lawsuit. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

    C.    Official-Capacity Claims

A claim against a federal official in his or her official capacity is, in fact, a claim against the United States. Because the United States has not waived its sovereign immunity for *Bivens* claims, "[t]here is no such animal as a *Bivens* suit against a public official tortfeasor in his or her official capacity." *Farmer v. Perrill,* 275 F.3d 958, 963 (10th Cir.2001).

4

## III. Conclusion:

The Court recommends that Defendants Beasley, Hoy and Wingo's motion for summary judgment (#41) and Defendants Kim, Obi-Okoye, and Stinson-Woodard's motion for summary judgment (#45) be GRANTED based on Mr. Villareal's failure to exhaust administrative remedies prior to filing this lawsuit. The individual-capacity claims should be DISMISSED without prejudice. The official-capacity claims should be dismissed with prejudice.

DATED this 14th day of December, 2018.

_____
UNITED STATES MAGISTRATE JUDGE