# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

**RUDOLFO VILLAREAL,**                                                                             **PLAINTIFF**
**Reg #24422-045**

v.                    Case No. 2:18-cv-00062-KGB-BD

**GENE BEASLEY, et al.**                                                          **DEFENDANTS**

## ORDER

Before the Court are a Partial Recommended Disposition and a Recommended Disposition filed by United States Magistrate Judge Beth Deere (Dkt. Nos. 7-1, 51). Plaintiff Rudolfo Villareal filed objections to both the Partial Recommended Disposition and the Recommended Disposition (Dkt. Nos. 9, 52). Further, certain defendants filed responses to those objections (Dkt. Nos. 53, 54). After careful consideration of the Partial Recommended Disposition and the Recommended Disposition, the objections, and a *de novo* review of the record, the Court adopts the Partial Recommended Disposition and the Recommended Disposition as its findings in all respects (Dkt. Nos. 7-1, 51).

As to the Partial Recommended Disposition, the Court agrees with Judge Deere that Mr. Villareal's claim against the Bureau of Prisons ("BOP"), which is brought pursuant to *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), must be dismissed with prejudice (Dkt. No. 7-1, at 2). *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001) (holding that a "prisoner may not bring a *Bivens* claim against . . . the BOP."). Accordingly, the Court dismisses with prejudice Mr. Villareal's claim against the BOP. Similarly, the Court also dismisses with prejudice Mr. Villareal's claims against the defendants Gene Beasley, Brenda Hoy, and Michelle Wingo—all of whom are employed by the BOP—in their official capacities, as such claims are barred by sovereign immunity. *See Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir.

2001) ("There is no such animal as a *Bivens* suit against a public official tortfeasor in his or her official capacity.").

The Court also agrees with Judge Deere that Mr. Beasley, Ms. Hoy, Sheila Stinson-Woodard, M.D., Nwannem Obi-Okoye, M.D., Yong Kim, M.D., and Ms. Wingo are entitled to summary judgment as to Mr. Villareal's *Bivens* claims against them in their individual capacities (Dkt. No. 51, at 5). Specifically, the Court finds that those claims must be dismissed because Mr. Villareal failed to exhaust his administrative remedies prior to filing his lawsuit. The undisputed record evidence shows that Mr. Villareal failed to exhaust his remedies prior to filing his complaint in this action (*see* Dkt. No. 47-1, ¶ 10). Once defendants satisfied their initial burden under Federal Rule of Civil Procedure 56 to demonstrate through record evidence that there are no genuine issues of material fact in dispute, the burden then shifted to Mr. Villareal to "discard the shielding cloak of formal allegations and meet proof with proof" as to the issue of exhaustion. *Conseco Life Ins. Co. v. Williams*, 620 F.3d 902, 909 (8th Cir. 2010) (quoting *Flentje v. First Nat'l Bank of Wynne*, 11 S.W.3d 531, 536 (Ark. 2000)). While Mr. Villareal contends that he attempted to exhaust his administrative remedies, he presents no record evidence to show that he in fact exhausted his remedies prior to filing this complaint. Accordingly, Mr. Villareal has failed to meet proof with proof, and the Court grants summary judgment as a matter of law to Mr. Beasley, Ms. Hoy, Dr. Stinson-Woodard, Dr. Obi-Okoye, Dr. Kim, and Ms. Wingo on Mr. Villareal's claims against them in their individual capacities and dismisses those claims without prejudice for failure to exhaust administrative remedies.

Accordingly, the Court adopts the Partial Recommended Disposition and the Recommended Disposition (Dkt. Nos. 7-1, 51). The Court dismisses with prejudice Mr.

Villareal's claims against the BOP.  The Court grants Mr. Beasley, Ms. Hoy, and Ms. Wingo's motion for summary judgment and dismisses without prejudice for failure to exhaust his administrative remedies Mr. Villareal's claims against them in their individual capacities (Dkt. No. 41).  The Court dismisses with prejudice Mr. Villareal's claims against Mr. Beasley, Ms. Hoy, and Ms. Wingo in their official capacities.  Additionally, the Court grants Dr. Stinson-Woodard, Dr. Obi-Okoye, and Dr. Kim's motion for summary judgment and dismisses without prejudice for failure to exhaust his administrative remedies Mr. Villareal's claims against Dr. Stinson-Woodard, Dr. Obi-Okoye, and Dr. Kim (Dkt. No. 45).

Because all of Mr. Villareal's claims have been dismissed in this matter as to all defendants, the Court dismisses this action and denies the relief he seeks.

So ordered this the 17th day of September 2019.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge